G’iieen, . J,
delivered the opinion of the' court.
This is an action against the. plaintiff in error, for the balance of an account for carpenter’s work done for him by the defendants in error, who were partners.
Before' the work was performed, one of the partners, Brown, was indebted to McGavock a sum between three and four hundred dollars, and on the settlement McGavock insisted that he should be credited by the amount of this-debt. To this-, Williams objected, and refused to allow the credit; and McGavock retaining that sum in his hands, this suit was brought.
On the trial, the defendants, in order to show that Williams had agreed that Brown’s debt should be settled in this account, examined several witnesses, as to the admissions of Williams; who proved that they had heard him speak' of an old debt *252 Brown owed McGavock, and that he was fearful he would have to pay it, and expressions of a similar import. The jury found a verdict for the plaintiffs, and the defendant moved for a new trial upon his affidavit stating the discovery of the evidence of W. D. Dorris, who could prove the admission of Williams that the debt Brown owed McGavock was to be allowed him in the settlement. The defendant also read the affidavit of W. D. Dorris, who stated that he was called upon by Brown & Williams to assist in settling their partnership accounts, and that while engaged in making this settlement a conversation arose between them as to the debt Brown owed McGavock; and that Williams said the work would only come to about twelve hundred dollars, and that they would receive only between nine hundred and a thousand dollars, inasmuch as that debt of Brown’s would have to be allowed.
The plaintiffs then read several affidavits, and among them, Benjamin Sharpe’s, who stated that he was present at the office of Dorris when the books and papers of Brown & Williams were examined; that at the request of Brown & Williams he assisted in the examination of them, and he has no recollection that anything was named by Williams relative to any debt due by Brown to McGavock: he stated that Dorris possesses very bitter feelings towards Williams. The court refused a new trial, and the defendant appealed to this court.
The question now is, whether this affidavit of Dorris is sufficient to entitle McGavock to a new trial.
A new trial ought not to be granted, although the evidence may be new and material, if it is only cumulative. Graham on New Trials, 462 et seq. Cumulative evidence is that which speaks to facts, in relation to which there was evidence on the trial. Now, Burton proved on the trial, that when he was about to measure the work, Williams requested him to allow a liberal price, saying “that there was an old debt of Brown’s, which McGavock was claiming to have paid out of the work.” On cross examination, Burton said Williams told him he was afraid he should have this debt to pay. Other witnesses testified to conversations of Williams relative to this old debt of Brown’s. Now, Dorris’s evidence is in relation to the same *253 matter. He says, that in a conversation between Brown and Williams in his presence, Williams said “that Brown’s old debt would have to be deducted from the amount due them from McGavock for the work,” and that Brown knew that it was understood between them that his debt was to be deducted from the job.”
This evidence is as to the same facts about which Burton and others had testified on the trial; that is, whether Williams had not agreed that Brown’s debt to McGavock should be settled in this account, and whether he had not made admissions to that effect. If this be not cumulative evidence, it is difficult to perceive the meaning of the term.
But the counter affidavit of Sharpe, stating that he was present in Dorris’s office when the books and accounts of Brown & Williams were examined, and that he did not hear the conversation related by Dorris, and that Dorris has bitter feelings against Williams, would be calculated so to weaken the force of Dorris’s statement, as in all probability, if another trial were had, the result would be the same. The plaintiff in error insists that the counter affidavits should not. have been heard. We do not think the practice of introducing counter affidavits on motion for a new trial should be encouraged; but if the Circuit Court shall receive them, we cannot say it is error.
In criminal cases, it has been the constant practice to receive counter affidavits, and new trials are every day refused upon the facts disclosed in such affidavits; and we know of no rule that"will exclude them in civil cases.
Let the judgment be affiirmed.